IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK STILLWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-282-D |
| JOEL NEELY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Show of Cause [Doc. No. 6] (the "Response"). The Response was filed in response to the Order to Show Cause [Doc. No. 5] under Fed. R. Civ. P. 4(m), directing Plaintiff to show why this action should not be dismissed for failure to effect service of process within 90 days after filing the Complaint.

Plaintiff identifies in his Response two reasons why he has not effected service and needs more time: (1) his time has been devoted to an apparently related state-court criminal matter; and (2) he has been deciding whether to amend the Complaint. *See* Pl.'s Resp. at 1. Plaintiff further states he has "an abatement of resources and knowledge available to him that also hinders his ability to perform at the same level and standard of operation as an otherwise college educated, BAR certified attorney." *Id.* at 2.

Upon consideration, the Court finds that Plaintiff has failed to show good cause for lack of timely service. Although the Tenth Circuit has not conclusively defined "good cause" for purposes of Rule 4(m), the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland* (*In re*

*Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *accord Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176; *Despain*, 13 F.3d at 1438. In this case, Plaintiff made only one attempt to serve Defendants, which, according to the Court docket, occurred on March 19, 2024. *See* 3/19/2024 Staff Notes.[1] Since that time, it appears Plaintiff has made a deliberate, strategic decision to delay service until he is ready to amend his Complaint.

The question thus becomes whether the Court should exercise its discretion to allow additional time for service. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."). In making this decision, a district court should consider any pertinent factors or policy considerations. *Id.* at 842. Examples include prejudice to the plaintiff from a dismissal "if the applicable statute of limitations would bar the refiled action;" prejudice to the defendants if additional time is allowed; a complicated service rule, such as "the complex requirements of multiple service" on federal defendants; and protecting a *pro se* plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id*. at 842 & n.8.

---

[1] Plaintiff's apparent attempt to provide the Court Clerk with a summons cuts both ways. On one hand, it shows Plaintiff at least made an attempt to begin the service process. On the other, it shows Plaintiff knew of his obligation to effect service on Defendants, but still chose not to do so.

No pertinent circumstance appears to be present here.[2] Although Plaintiff notes that, as a non-lawyer, *pro se* litigant, he has less knowledge and fewer resources than someone with legal training, his previously submitted summons (although deficient) shows some familiarity with the service requirements under the Federal Rules of Civil Procedure. Despite his *pro se* status, Plaintiff must still follow the same procedural rules governing other litigants. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Under the circumstances presented, however, the Court will allow a limited extension of thirty (30) days to effect service of process. Absent proof of service within the extended deadline, or a changed procedural posture of the case, this action will be dismissed without prejudice to refiling and without further notice to Plaintiff.

**IT IS SO ORDERED** this 7th day of October, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] A two-year statute of limitations governs Plaintiff's § 1983 claim. *See Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 690 (10th Cir. 2018) ("We have determined, as a matter of law, that every § 1983 claim is in essence an action for injury to personal rights, and thus apply the most analogous Oklahoma statute, which provides a two-year limitations period." (internal citation and quotation marks omitted)).